57      31
88      18

### E. C. BELL v. H. C. MEDFORD ET AL.

1. NEW TRIAL. *Immaterial errors.*
    A new trial will not be granted for errors on the trial in the Circuit Court where, on a record introduced in evidence by the plaintiff in error, the verdict is manifestly right.

2. RES ADJUDICATA. *Ejectment. Mesne profits accruing pending suit.*
    The plaintiff in ejectment, under Code 1871, ch. 17, recovers mesne profits up to the day of trial ; and the judgment in such a suit is a bar to a subsequent action for the mesne profits which accrued pending the suit.

3. SAME     *Costs.     Copies used in evidence.*
    The legal fees for copying records and deeds necessary in evidence in such suit are taxable as costs, and, if rejected from the cost bill by the court, cannot be recovered in a subsequent action.

ERROR to the Circuit Court of Lee County.

Hon. J. A. GREEN, Judge.

This action was brought by the plaintiff in error, before a magistrate, against H. C. Medford and certain persons who resided out of the county. On the trial on appeal in the

Circuit Court, the plaintiff introduced the ejectment record mentioned in the opinion, from which it appeared that the defendant, Medford, had prolonged the ejectment suit two years, by his plea therein of not guilty. But Medford testified that he held part of the time as assignee in bankruptcy, and, pending the ejectment suit, delivered possession to the other defendants. The court excluded the plaintiff's evidence tending to show the character of Medford's possession, and charged the jury that the above facts constituted a defence for Medford, and that, if they believed him not liable, they should find for the defendants generally. No charge was asked or given on the question of *res adjudicata*; and the error assigned was the action of the court on the evidence and instructions.

*W. L. Clayton*, for the plaintiff in error.

1. The mesne profits claimed accrued during the pendency of the ejectment suit, and were not demanded or recovered in that case; nor could they have been embraced under the form prescribed in Code 1871, § 1547. The cost of the records and copies of deeds was properly included in the action for mesne profits. Tyler on Ejectment, 849.

2. The court erroneously charged that the facts that Medford held part of the time as assignee in bankruptcy, and pending the ejectment suit delivered possession to the other defendants, were a defence to this action. Tyler on Ejectment, 845. And because the other defendants were residents of another county, the court instructed the jury to find for the defendants generally, if they believed that Medford was not liable; which was contrary to Code 1871, § 522.

*J. A. Brown*, on the same side.

1. The question of former recovery not having been raised in the lower court, cannot be raised here for the first time. *Anderson* v. *Leland*, 48 Miss. 253. The ejectment suit is not a bar, if the jury did not include the mesne profits in their verdict. *McDowell* v. *Langdon*, 3 Gray, 513; *Waddle* v. *Ishe*, 12 Ala. 308; *Perkins* v. *Parker*, 10 Allen, 22.

2. The instructions for the defendants were plainly erroneous. *Chirac* v. *Reinicker*, 11 Wheat. 280; *Jackson* v. *Stone*, 13 Johns. 447; *West* v. *Hughes*, 1 Har. & J. 574; *Lamson* v. *Sutherland*, 13 Vt. 309. The charge as to the effect of the non-residence

of some of the defendants was wrong; Code 1871, §§ 522, 1303, 1320; *Cain* v. *Simpson*, 53 Miss. 521; and in this action the plaintiff may recover the cost of records and copies of deeds used in the ejectment suit. *Goodtitle* v. *Tombs*, 3 Wils. 118; *Pearse* v. *Coaker*, L. R. 4 Ex. 92.

*H. C. Medford*, a defendant in error, *pro se.*

In the ejectment suit, the jury evidently gave the plaintiff all the rent he was entitled to, and the cost of the records and copies of deeds was included in the cost bill in that case by the clerk, and expunged therefrom by order of court. The instructions for the defendants were correct. *Crump* v. *Gerock*, 40 Miss. 765; *Co-operative Association* v. *Leflore*, 53 Miss. 1; *Nixon* v. *Porter*, 38 Miss. 401; Tyler on Ejectment, 847, 848.

*J. L. Finley*, for the defendants in error.

The verdict is manifestly right, and will not be disturbed on account of immaterial errors. All matters in controversy here have been already tried in the ejectment suit between the same parties.

GEORGE, C. J., delivered the opinion of the court.

In February, 1875, the plaintiff brought an action of ejectment, including a claim for mesne profits, against the defendants in error, and recovered judgment therein in August, 1877. The jury in the action of ejectment assessed the sum of five dollars for mesne profits, and also assessed the value of the *locus in quo* (which was a town lot) at twenty-five dollars, and the value of the improvements made by the defendants at two hundred and fifty dollars. A judgment was rendered on this verdict in pursuance of the statute, Code 1871, § 1557. The plaintiff in error (who was the plaintiff in the ejectment suit) paid the value of the improvements, and received possession of the lot. In a few months after this, he commenced this action, before a justice of the peace, against the defendants in the ejectment suit, upon an open account for rent of the lot from the date of the commencement of the ejectment suit to the date of the rendition of the judgment therein, and also for thirteen dollars, " the amount expended in getting up records for the prosecution " of the said ejectment suit. On appeal to the Circuit Court, a judgment

was rendered against the plaintiff, and there was a motion for a new trial, which was overruled, and a bill of exceptions taken.

It is unnecessary to review the assignments of error based on the action of the court below during the trial, for it is manifest from the whole record that the verdict and judgment are correct. The plaintiff in error introduced in evidence the record of the ejectment suit, from which the foregoing facts in relation to that suit appeared. His contention now is, that, notwithstanding the recovery in that suit of mesne profits, he is entitled to recover rents from the commencement of that suit till its termination; that by the words prescribed by the statute, in the form of the declaration in ejectment, rents are only demandable in that action prior to its commencement. We do not regard this as the true construction of the statute. It is true that, in the form prescribed in the statute for a declaration where mesne profits are demanded, it is said that " the said plaintiff also demands of the defendant, the sum of —— dollars, for the use and occupation of the said land by the defendant, from the aforesaid day " (the day on which plaintiff's right of possession accrued) " to the commencement of this suit, being at the rate of —— dollars a year." But this is not to be regarded as a statement by the plaintiff of the amount for which he will demand judgment when a trial shall be had, but as the statement of the claim and demand of the plaintiff, as they existed at the commencement of the suit. And this is in exact accordance with the practice in all kinds of actions, the plaintiff's demand being stated as it exists at the commencement of the action. He could not state it as it might exist afterwards, for he could not know but that the defendant would surrender possession upon the service of the summons; or, if he did not, the plaintiff could not state what would be the amount of his demand at the termination of the suit, since he could not foresee at what time such termination would take place. No inference, therefore, in favor of the position that mesne profits are recoverable only up to the commencement of the action, can be drawn from the form of the declaration as prescribed in the statute.

There are other provisions of the same statute which clearly

indicate that mesne profits are recoverable after the commencement of the action.   In § 1556, the jury are required to assess the value of the rent of agricultural land, on which there is a growing crop, at the time a judgment is rendered in favor of the plaintiff till such time as the crop can be gathered.   In § 1557, the option is given in all cases to plaintiffs to sue for mesne profits separately, or in the action of ejectment; and provision is made, where mesne profits are sued for in ejectment, for the defendant to have the value of his improvements allowed as a set-off against mesne profits, and the excess, if any, adjudged as a lien on the land.   This statute manifestly contemplates an assessment of the value of the improvements at the time of the trial, and an assessment also of mesne profits up to that time.   Unless this were so, the plaintiff would be compelled to submit to a sale of the land, or to pay the value of the improvements, when there might be, owing to the length of the litigation, a large sum — larger than the value of the improvements — due to him by the defendant.   The statute manifestly provides for a full and fair adjustment by the jury of all the claims which the defendant may assert for improvements, and of all claims which the plaintiff may have for mesne profits, and a striking of the balance between them.

This is the rule also in actions of detinue and replevin, damages for the detention or the value of the use of the property being recoverable up to the day of the trial.   No good purpose could be subserved by limiting the right of recovery to the commencement of the suit, and such a rule would produce the identical evil which the statute allowing mesne profits to be recovered in ejectment was passed to remedy; viz., a multiplicity of suits, and the consequent increase of costs and trouble of litigation.   The mesne profits accruing between the commencement of the action of ejectment and the trial — the subject-matter of this suit — were therefore involved in the ejectment suit; and upon well-settled principles, the judgment in that case is a bar to any further suit for them, whether the jury actually allowed them or not.   *Agnew* v. *McElroy*, 10 S. & M. 552; *Johnson* v. *White*, 13 S. & M. 584.

As to the item of thirteen dollars sued on, it appears, from the record in the ejectment suit, that the clerk had embraced it in

his taxation of the costs. On motion of the defendants, the court retaxed the costs, and disallowed this item. It does not appear upon what ground the judgment of the court was pronounced. We are bound to presume that the court acted properly ; but, whether it did or not, the judgment remains unreversed, and is final and conclusive on the parties, if the item be such that it might have been under any circumstances allowed in the taxation of costs. The evidence shows that this item was for records and copies of deeds, for use in the ejectment suit. If these records and copies were necessary as evidence in that suit, they were properly taxable in the bill of costs at the price of the legal fees for copying them. *Suffolk* v. *Mill Pond Wharf Corporation*, 5 Pick. 540 ; *Jackson* v. *Mather*, 2 Cowen, 584 ; *Jackson* v. *Root*, 18 Johns. 336. We are bound to presume that the item was rejected by the court, because such necessity was not shown.

*Judgment affirmed.*